**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States ex rel Joyce Roberts, Barbara Jo Landau, Shirley Nyetrae, and James Buie,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Sunrise Senior Living, Inc., *et al*.,<br><br>　　　　Defendants. | No. CV 05-3758-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court are two motions to dismiss, filed by KRG Capital Fund II, LP, KRG Capital Management LP, KRG Capital, LLC, KRG Co-Investment LLC ("KRG") (Dkt.# 103) and by Sunrise Senior Living and Trinity (Dkt.#104) respectively. The United States has also filed a motion to intervene (Dkt.#118).

**I.　Factual Background**

This case involves allegations that Sunrise, KRG, and Trinity billed Medicare for hospice-related services in violation of the False Claims Act. Specifically, the relators (a group of ex-employee nurses who had previously worked for Trinity) allege that Sunrise, Trinity, and KRG (1) admitted patients to hospice care who did not meet the Medicare requirements for hospice, (2) falsified and backdated patient medical records and certification of hospice eligibility determinations, (3) permitted unlicensed persons to approve physician prescriptions, and (4) provided financial incentives to induce hospice referrals. This order

1 addresses the motion of the United States to intervene as well as two motions to dismiss filed
2 by various groups of defendants.

## II.     Motion to Intervene

The United States moves to intervene in this action that was originally brought by Plaintiff-relators Joyce Roberts, Barbara Jo Landau, Shirley Nyetrae and James Buie ("Relators"), individually and on behalf of the United States.  (Dkt.#118)

The United States has standing to seek leave to intervene "at any time and in any appropriate court" to protect the public interest and protect the federal fisc from fraud.  *See S&E Contractors, Inc.*, *v. United States*, 406 U.S. 1, 17 (1972).  Moreover, the United States is always the real party in interest in a *qui tam* action under the False Claims Act.  *See United States ex rel. Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126 (9th Cir. 2007) (under the False Claims Act, "the underlying claim of fraud always belongs to the government").  Thus, even when the United States does not intervene at the outset of a *qui tam* action, a district court may "permit the government to intervene at a later date upon a showing of good cause."  31 U.S.C. § 3730(c)(3).  Good cause may include a showing of changed circumstances, the discovery of additional information, or a variety of other factors.  *United States ex rel. Sequoia Orange Co. V. Sunland Packing*, 912 F. Supp. 1325, 1348 (E.D. Cal. 1995); *United States ex rel. Rockwell Int'l Corp.*, 950 F. Supp. 1046, 1049 (D. Colo. 1996).

Here, the United States initially declined to intervene in June 2007 because it had not completed its investigation despite the extension of the intervention deadline.  (Dkt.#16) However, its motion to intervene is unopposed by the relators or by the Defendants. (Dkt.#118 at 1; #121 at 2)  The United States explains that it has discovered additional evidence since its initial decision not to intervene in June 2007.  Specifically, it identified an expert medical review of hospice services that shows that "Medicare was billed for Trinity patients who were inappropriately admitted to and re-certified for hospice treatment" and the "known loss to Medicare is substantial."  (Dkt.#118 at 6) None of the Defendants have filed an answer, and no formal discovery has occurred.  Thus, granting this request would not

1 unduly prejudice or delay this proceeding or the parties. *See United States ex rel. Hall v.*
2 *Schwartzman*, 887 F. Supp. 60, 62 (E.D.N.Y. 1995) (allowing intervention by the United
3 States in part because it "would not unduly prejudice defendants" since the action was in its
4 "initial stages, and the parties [had] only recently commenced discovery").

5 Thus, because good cause has been shown, the motion of the United States to
6 intervene is granted.

7 **III.   Motions to Dismiss**

8 Defendants filed two motions to dismiss that raise the following three issues: (1)
9 jurisdiction, (2) Rule 9(b)'s particularity requirements, and (3) liability of Trinity's owners.
10 However, given that the government is now allowed to intervene, and that the government's
11 complaint may change the claims that are currently asserted, these motions are now moot.
12 While the court will still need to determine whether it has subject matter jurisdiction over the
13 Relators, it would not be prudent to base such an assessment on a complaint that may
14 ultimately prove irrelevant to this litigation. Only after the government has decided which
15 claims it will purse (and the Relators have framed their own claims if any in light of the
16 government's complaint) will it make sense for this Court to evaluate whether the Relators
17 are original sources for any of the newly-framed claims. It may well be that many of the
18 same issues are present; however, this Court declines to decide this question when the
19 government's complaint is not yet before it. *See Rockwell International Corp. v. United*
20 *States*, 549 U.S. 45, 473 (2007) (explaining that courts should consider the pleadings as
21 amended by the government after intervention in making original source determinations).

22 **Accordingly,**

23 **IT IS HEREBY ORDERED GRANTING** the United States' Motion to Intervene
24 against Trinity Hospice, Inc. (Dkt.#118)

25 **IT IS FURTHER ORDERED** that the United States shall file a complaint in
26 intervention within thirty (30) days of the date of this order, and the Relators shall file any
27 amended complaint in light of the United States' complaint within twenty (20) days of the
28 filing of the United States' complaint. Any responsive pleading to the United States'

- 3 -

1  complaint and/or the Relators' complaint shall be due thirty (30) days after the filing of the
2  United States' or Relators' complaint, whichever date is later.  A Rule 16 scheduling
3  conference will follow.
4      In light of this Order providing for the filing of the United States' complaint and a
5  possible further Relators' amended complaint, **IT IS FURTHER ORDERED DENYING**
6  the Defendants' Motions to Dismiss as **MOOT**.  (Dkts. #103, 104).  If Defendants' wish to
7  reurge their motions to dismiss after the filing of such complaint(s), they shall proceed upon
8  the time table set forth above.
9      DATED this 24th day of February, 2009.

_____
Mary H. Murguia
United States District Judge